BAUMAN, A MINOR, v. HANLON.

(Decided February 27, 1928.)

*Mr. Bert H. Long* and *Messrs. Albert D. & Robert S. Alcorn,* for plaintiff in error.

*Mr. Chester S. Durr,* for defendant in error.

CUSHING, J.   This is an action for damages, growing out of personal injuries.   Earl Bauman, a boy 14 years of age, picked up on a public roadway in Hamilton county what afterwards was found to be a blasting cap.   While playing with it, a few days later, it exploded and injured him.

The defendant, a road contractor, in excavating for the foundation of a bridge, blasted rock in the bed of a creek, about 150 feet from where the boy found the cap.

The jury returned a verdict for the defendant. This action is prosecuted to reverse the judgment entered on that verdict.

The question is whether the issues in a case are made by the pleadings, or whether a new issue may

be made by evidence that was introduced without objection. The allegation of negligence in the petition is:

"In doing said work defendant used blasting caps and negligently and carelessly threw unexploded blasting caps on said road, which is a regularly laid out highway in said county."

The evidence disclosed that the defendant blasted rock in the bed of the creek, and that the boy found an unexploded cap on the side of the roadway, some distance from where the blasting was done; that he played with it for several days, and then received the injury set out in the petition.

At the close of plaintiff's case, the defendant, without objection, introduced evidence as to the care used while the caps were in his custody, which, briefly stated, was that he purchased them at Sharonville, carried them to the camp, and gave them to a colored man at the camp; that this man had charge of them, and, when he wanted one or more caps, the colored man gave them to him.

Counsel for plaintiff in error contend that the trial court erred in instructing the jury that defendant was required to use ordinary care in the prosecution of the work in question, and claims that the court should have charged that:

"The law requires those who use dangerous agencies in the prosecution of their business to observe the greatest care in the custody and use of them"—citing *P., C. & St. L. Ry. Co.* v. *Shields,* 47 Ohio St., 387, 24 N. E., 658, 8 L. R. A., 464, 21 Am. St. Rep., 840.

Plaintiff did not move that the petition be amended to conform to the evidence. The allegation of the

petition was that the defendant threw caps on the roadway. Evidently the trial court entertained the view that this allegation might be established by inference to be drawn from the testimony. He charged as follows:

"If the material facts necessary to establish negligence rest upon an inference only, the inference must be a rational one, such as could be reasonably arrived at from the facts and circumstances testified to. Any inference or conclusion you may draw from the facts and circumstances testified to must be a rational one, reasonably arrived at from such facts and circumstances."

The charge, as given, gave the jury the greatest latitude in determining the question of facts presented. When applied to the issues made by the pleadings in the case at bar, the charge was correct.

Counsel for plaintiff in error argue that the court should have charged on the custody and use of the caps. This would have the effect of injecting into the case an issue introduced by the evidence, but different from that presented by the pleadings.

We are not unmindful of the line of cases which hold that, where a petition charges negligence, and the answer pleads negligence on the part of the plaintiff, and the testimony warrants the inference of contributory negligence, it then becomes the duty of the court to charge upon the question of contributory negligence.

But we know of no general rule of law that requires a court to charge on an issue not made by the original pleadings, or by any amended pleadings, but which merely happens to have been injected into the case by the testimony.

446

For the reasons above stated, the judgment of the court of common pleas of Hamilton county, Ohio, is affirmed.

*Judgment affirmed.*

MILLS, J., concurs.

HAMILTON, P. J., concurring. I concur in the judgment, for the reason that, if the custody and care of the caps was made an issue in the case by the pleadings, or the evidence, or both, the plaintiff produced no proof of want of due care in the custody and use of the caps, unless the finding of the cap by the boy was some evidence, and this could only be inferred under the maxim *res ipsa loquitur*. This maxim, however, cannot be invoked, for the reason that there is no evidence that the cap found was the property of, or under the control of the defendant. It was, therefore, not incumbent on the court to give a charge on the question of care in the custody and use of the caps.

I do not concur, however, in the proposition suggested in the last paragraph of the majority opinion, as it seems to me to contain confusing statements.